UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOE STEPHENS<br>(DOC# 109204) | CIVIL ACTION |
| VERSUS | |
| BURL CAIN, ET AL | NO. 10-522-BAJ-M2 |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, September 29, 2010.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JOE STEPHENS**                                                                     **CIVIL ACTION**
**(DOC# 109204)**

**VERSUS**

**BURL CAIN, ET AL**                                                  **NO. 10-522-BAJ-M2**

**<u>MAGISTRATE JUDGE'S REPORT</u>**

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Joe Stephens ("Stephens"). A review of the record in this matter indicates that this case should be dismissed without prejudice for two (2) reasons. First, on September 8, 2010, the Court sent petitioner a letter directing him to pay the requisite filing fee or file a pauper affidavit and statement of account completed by an authorized officer. (R. Doc. 2). According to that letter, the deadline for petitioner to pay his filing fee or file a pauper affidavit and statement of account was September 23, 2010. As of this date, the petitioner has failed to comply by taking any of the actions directed by the Court; accordingly, his habeas petition should be dismissed without prejudice on that basis.

Additionally, in reviewing the record, it has come to the Court's attention that Stephens has previously filed several petitions for writ of habeas corpus in this Court and in the Western District of Louisiana. *See, Stephens v. Warden Louisiana State Penitentiary*, Civil Action No. 91-2277 (W.D.La.); *Stephens v. Cain, et al*, Civil Action No. 09-956-C-M1; and *Stephens v. Cain, et al*, Civil Action No. 10-200-D-M1. His most recently filed, prior habeas petition was transferred to the U.S. Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for that court to determine whether petitioner was authorized under 28 U.S.C. §2254(b) to file a successive habeas application with this Court. Subsequent to that transfer, however, Stephens filed a motion to "Withdraw and Dismiss

1

the Pleading Label[ed] As a 2254 Writ of Habeas Corpus," and the Fifth Circuit therefore dismissed the transferred case on April 6, 2010. *See*, R. Doc. 8, Civil Action No. 10-200-D-M1. Thus, Stephens never obtained authorization from the Fifth Circuit to file this successive habeas petition.[1]

Pursuant to 28 U.S.C. §2244(b)(3)(A), before a successive application for federal habeas relief is permitted to be filed with this Court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider his/her application. 28 U.S.C. §2244(b)(3)(A). Without such authorization, a federal district court is without jurisdiction to consider successive habeas applications. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Because there is no evidence in the record that Stephens has ever obtained the requisite authorization from the Fifth Circuit Court of Appeals to file his present habeas application, such application should be dismissed without prejudice for lack of jurisdiction.

---

[1] Although Stephens filed his present habeas petition pursuant to 28 U.S.C. §2241 and contends that he is not challenging a conviction or sentence but instead is challenging his "commitment, incarceration, [and] illegal custody," his claims are the same as those presented in his prior §2254 habeas petitions. Specifically, he contends that his commitment order warrant of April 1986 is void and that his confinement is therefore unconstitutional. A host of federal courts of appeals have consistently viewed "§§2241 and 2254 as governing a single post-conviction remedy, with the §2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, giv[ing] meaning to §2254 without rendering §2241(c)(3) superfluous." Bringing an action under §2241 in a federal district court therefore will not permit a prisoner to evade the requirements of §2254. *See, Rittenberry v. Morgan*, 468 F.3d 331, 336-337 (6th Cir. 2006), citing cases from other circuits. Accordingly, the procedural requirement that successive §2254 habeas petitions must be authorized by the Court of Appeals before filing also applies to §2241 petitions. *Rittenberry*, at 337-338 ("[T]here is really only a single 'gate' to federal habeas relief from state custody - through the general jurisdictional grant in section 2241- although all petitions seeking relief from state court *convictions* are more specifically filed 'under section 2254' as well, and are subject to its restrictions, as well of those of section 2254(b). Thus, before filing a successive habeas petition, [a state prisoner] must seek pre-authorization from [the Court of Appeals] under section 2244(b)").

**RECOMMENDATION**

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Joe Stephens should be **DISMISSED WITHOUT PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, September 29, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**